UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES E GRIFFIN, II,<br><br>Plaintiff,<br><br>v.<br><br>DOROTHY DOWILLIAMS, et al.,<br><br>Defendants. | No. 2:16-cv-1435 CKD P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff requests leave to proceed in forma pauperis. Since plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by

/////

1

1  the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account
2  exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).
3       The court is required to screen complaints brought by prisoners seeking relief against a
4  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
5  court has conducted the required screening.
6       First, plaintiff's complaint is too long, with repetitive information not relevant or
7  meaningful to any cognizable claim arising under federal law.  Although the Federal Rules of
8  Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the
9  elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646,
10 649 (9th Cir. 1984).
11      Further, plaintiff attempts to join too many claims against too many defendants.  As a
12 general rule, plaintiff may include as many claims as he likes with respect to one defendant in one
13 action.  However, claims against additional defendants in the same action must be related in some
14 meaningful way to claims asserted against the first defendant.  See Fed. R. Civ. P. 20(A)(2).
15      For these reasons, plaintiff's complaint will be dismissed.  However, the court will grant
16 plaintiff leave to file an amended complaint if plaintiff wishes to attempt to cure the deficiencies
17 in his pleadings.
18      If plaintiff elects to file an amended complaint, it must be limited to 20 pages.  The
19 amended complaint must not contain repetitive and immaterial information and must not contain
20 improperly joined defendants as described above.
21      Plaintiff seeks damages with respect to inadequate healthcare.  Plaintiff is informed that
22 denial or delay of medical care for a prisoner's serious medical needs may constitute a violation
23 of the prisoner's Eighth Amendment rights.  Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).  An
24 individual is liable for such a violation only when the individual is deliberately indifferent to a
25 prisoner's serious medical needs.  Id.  If plaintiff wishes to state a claim for denial of medical
26 care in his amended complaint, he must clearly and concisely allege facts indicating a defendant
27 denied him care for a serious medical need and that plaintiff suffered injury as a result of that
28 denial.

Finally, plaintiff is informed that if he elects to file an amended complaint, the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

The court notes that plaintiff has three motions seeking preliminary injunctions having to do with medical care. In light of the fact that plaintiff's complaint is being dismissed, those requests will be denied. Furthermore, plaintiff does not seek injunctive relief in his complaint, so any request for *preliminary* injunctive relief is improper. If plaintiff seeks injunctive relief regarding the medical care he is receiving, he must, generally speaking, allege in his pleadings that his rights are currently being violated, not that they have been violated in the past. Plaintiff is free to initiate a separate action regarding the medical care he is currently receiving. If he wishes to challenge that care in this action, he must do so while abiding with all the instructions given above, including the instructions regarding proper joinder of defendants.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of this order, the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action

be dismissed.

     5. Plaintiff's requests for preliminary injunctive relief (EFC Nos. 6, 8 & 10) are denied.

Dated: September 1, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
grif1435.14