UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES E. GRIFFIN, II, | No. 2:16-cv-1435 CKD P |
| Plaintiff, | |
| v. | ORDER |
| DORORTHY DOWILLIAMS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se. On September 1, 2016, the court dismissed plaintiff's complaint with leave to amend. Plaintiff has now filed an amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

The court has conducted the required screening and finds that plaintiff's complaint states a claim upon which relief could be granted arising under the Eighth Amendment against defendant Dowilliams for denial of medical care. In all other respects, plaintiff's amended complaint fails to state claims upon which relief can be granted.

/////

1

At this point, plaintiff has two options: 1) he may either proceed only on the claim identified above; or 2) attempt to cure the deficiencies with respect to other claims in an amended complaint.

If plaintiff chooses to amend, plaintiff is informed as follows:

1. In order to state a claim for damages, plaintiff must allege facts indicating a causal connection between the actions of a defendant and the injury sustained by plaintiff. See Barren v. Harrington, 152 F.3d 1193, 1194-95 (9th Cir. 1998). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

2. Section 1997(e)(a) of Title 42 of the United States Code provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted."

3. Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the prisoner's Eighth Amendment rights. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). An individual is liable for such a violation only when the individual is deliberately indifferent to a prisoner's serious medical needs. Id.

4. Prison officials generally cannot retaliate against inmates for exercising First Amendment rights. Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985). Because a prisoner's First Amendment rights are necessarily curtailed, however, a successful retaliation claim requires a finding that "the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Id. at 532. The plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).

5. Prisoners do not have a constitutional right to a prison grievance procedure. Ramirez v. Galazza, 334 F.3d 850, 860 (9th Cir. 2003).

/////

     6. In order to state claims arising under California law, plaintiff must comply with the terms of the California Tort Claims Act and plead compliance in his complaint.  See Cal. Gov't Code § 910 et seq.; Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d. 1470, 1477 (9th Cir. 1995).

     7.  Plaintiff's second amended complaint my not exceed 20 pages.

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make an amended pleading complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that plaintiff is granted thirty days to file a second amended complaint that complies with the terms of this order.  If plaintiff does not file a second amended complaint within 30 days, this action will proceed on plaintiff's claim arising under the Eighth Amendment against defendant Dowilliams.

Dated:  March 22, 2017

                                                           CAROLYN K. DELANEY
                                                           UNITED STATES MAGISTRATE JUDGE

1
grif1435.1