UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| CHARLES E. GRIFFIN, II, | No. 2:16-cv-1435 WBS CKD P |
|---|---|
| Plaintiff, | |
| v. | ORDER AND |
| DORORTHY DOWILLIAMS, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. On March 23, 2017, the court screened plaintiff's amended complaint as the court is required to do under 28 U.S.C. § 1915A(a). The court found that plaintiff's amended complaint states a claim upon which relief could be granted arising under the Eighth Amendment against defendant Dowilliams for denial of medical care. The court also found that in all other respects, plaintiff's amended complaint fails to state claims upon which relief can be granted. The court gave plaintiff two options: proceed on his claim against defendant Dowilliams, or file a second amended complaint in an attempt to cure the deficiencies in the other claims presented in the amended complaint. The court provided plaintiff with direction as to how those deficiencies could be cured.

Plaintiff elected to file a second amended complaint which the court is again required to screen. After having conducted the required screening, the court finds that the second amended

1

complaint states claims arising under the Eighth Amendment against defendant Dowilliams, G. Williams, Saipher, Malakkla and Adams for failure to provide constitutionally adequate medical care. See ¶¶s 23-24 & 29.

In all other respects the allegations in the amended complaint fail to amount to a claim upon which plaintiff may proceed because, among other reasons mostly related to the assertion of frivolous claims or unclear allegations:

1. Plaintiff has failed to adequately allege a causal connection between the actions of a defendant and an injury sustained by plaintiff. See Barren v. Harrington, 152 F.3d 1193, 1194-95 (9th Cir. 1998). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

2. Prisoners do not have a constitutional right to a prison grievance procedure. Ramirez v. Galazza, 334 F.3d 850, 860 (9th Cir. 2003).

3. With respect to claims arising under California law, plaintiff has not pled compliance with the terms of the California Tort Claims Act. See Cal. Gov't Code § 910 et seq.; Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d. 1470, 1477 (9th Cir. 1995).

4. Plaintiff does not state a claim for injunctive relief as he fails to allege facts suggesting that he is currently being denied any federal right.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Service is appropriate for the following defendants: Dowilliams, G. Williams, Saipher, Malakkla and Adams.

2. The Clerk of the Court shall send plaintiff 5 USM-285 forms, one summons, an instruction sheet and a copy of the second amended complaint.

/////
/////
/////

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 1 above; and

    d. Five copies of the endorsed second amended complaint.

4. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

IT IS HEREBY RECOMMENDED that all defendants other than defendants Dowilliams, Williams, Saipher, Malakkla and Adams be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time waives the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 23, 2017

                                          /s/ Carolyn K. Delaney
                                          CAROLYN K. DELANEY
                                          UNITED STATES MAGISTRATE JUDGE

---

1
grif1435.1(a)

4

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES E. GRIFFIN, II,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DOROTHY DOWILLIAMS, et al.,<br><br>　　　　Defendants. | No. 2:16-cv-1435 WBS CKD P<br><br>NOTICE OF SUBMISSION<br><br>OF DOCUMENTS |

　　　Plaintiff hereby submits the following documents in compliance with the court's order filed _____ :

　　　\_\_\_\_　　completed summons form

　　　\_\_\_\_　　completed USM-285 forms

　　　\_\_\_\_　　copies of the _____

　　　　　　　Second Amended Complaint

DATED:

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　Plaintiff