1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8              FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   CHARLES E. GRIFFIN, II,                No.  2:16-cv-1435 WBS CKD P

11              Plaintiff,

12        v.                                ORDER

13   DOROTHY DO-WILLIAMS, et al.,

14              Defendants.

15

16        Plaintiff is a state prisoner proceeding pro se in an action brought under 42 U.S.C. § 1983.

17   Plaintiff requests that the court appoint counsel.  District courts lack authority to require counsel

18   to represent indigent prisoners in section 1983 cases.  Mallard v. United States Dist. Court, 490

19   U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to

20   voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d

21   1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

22   When determining whether "exceptional circumstances" exist, the court must consider plaintiff's

23   likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro

24   se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970

25   (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The

26   burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances

27   common to most prisoners, such as lack of legal education and limited law library access, do not

28   establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under <u>Palmer</u>, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Plaintiff has also filed a motion asking for the court to order officials at his prison to provide plaintiff with access to his "legal" property. This motion will be denied and plaintiff is informed again, as he was in an order dated April 10, 2018:

> If, in the future, plaintiff is denied access to documents required by him to pursue this action, plaintiff may file a motion seeking access. In the motion plaintiff shall identify the documents required, why they are required, who is denying plaintiff access, and his attempts to obtain access.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 52) is denied.

2. Plaintiff's motion asking for the court to order officials at his prison to provide plaintiff with access to his "legal" property is denied.

Dated: May 15, 2018

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1/mp
grif1435.31

2